1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  DISCOVER BANK,                          No. 2:12-cv-1800-LKK-CMK

12                  Plaintiff,

13         vs.                              <u>FINDINGS AND RECOMMENDATIONS</u>

14  MARSHALL E. MIKELS, et. al.,

15                  Defendants.

16  _____/

17         Defendants, proceeding *in propria persona*, removed this case from the Siskiyou

18  County Superior Court.  This action was referred to the undersigned for all proceedings pursuant

19  to Eastern District of California Local Rules 302-304.

20         Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines

21  at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  <u>See also</u>

22  28 U.S.C. § 1447(c). Here, it is clear that this court lacks subject-matter jurisdiction over this

23  action.

24         This case was originally filed as an Complaint for Money - Common Counts in

25  the Superior Court of California, County of Siskiyou, on February 2, 2012.  The action is based

26  on California state law.  The complaint specifically states the amount demanded is $6,225.99.

1

1  Plaintiff alleges in the complaint that the defendants became indebted to plaintiff in the amount

2  of $6,225.99 for good and/or services rendered, defendants agreed to pay said amount to plaintiff,

3  and no part of the sum has been paid.  (Compl. for Money - Common Counts (Complaint),

4  attached to Notice of Removal (Doc. 1)).

5            On July 9, 2012, defendants filed the notice of removal, pursuant to 28 U.S.C. §§

6  1331 and 1441, indicating that this court has jurisdiction over this action as it raises a federal

7  question.  Defendants indicate they will be filing a separate action in this court against the

8  plaintiff, for which they will be requesting to consolidate the two actions.

9            "Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life

10  Ins. Co. of Am., 511 U.S. 375, 377 (1994).  In order for a federal court to have jurisdiction over a

11  specific action, the case must either arise under the Constitution or laws of the United States or

12  involve citizens of different states where the amount in controversy exceeds $75,000.  See 28

13  U.S.C. § 1331, 1332.  "[I]t is well established that the plaintiff is 'master of her complaint' and

14  can plead to avoid federal jurisdiction."  Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994,

15  997-98 (9th Cir. 2007) (citations omitted).  "The defendant bears the burden of establishing that

16  removal is proper."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087

17  (9th Cir. 2009).  "The removal status is strictly construed against removal jurisdiction," id., and

18  removal jurisdiction "'must be rejected if there is any doubt as to the right of removal in the first

19  instance.'"  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir.

20  2010) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

21            In relevant part, the federal removal statue provides:

22      (a)  Except as otherwise expressly provided by Act of Congress,
         any civil action brought in a State court of which the district courts

23      of the United States have original jurisdiction, may be removed by
         the defendant or the defendants, to the district court of the United

24      States for the district and division embracing the place where such
         action is pending . . . .

25

26  / / /

1

(b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

2

3

4

5   28 U.S.C. § 1441(a), (b).

6          To the extent defendants base the removal of this action on this court's federal

7   question jurisdiction, such jurisdiction does not exist.  District courts have federal question

8   jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United

9   States." 28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates

10  the cause of action or 'where the vindication of a right under state law necessarily turn[s] on

11  some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086,

12  1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers

13  Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he presence or absence of federal-question

14  jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal

15  jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

16  pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091.  "[A] counterclaim - which appears as

17  part of the defendant's answer, not as part of the plaintiff's complaint - cannot serve as the basis

18  for 'arising under' jurisdiction." Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535

19  U.S. 826, 831 (2002).

20         Here, the complaint filed in State court is only premised on California law.  No

21  federal question is present, and thus no basis for federal question jurisdiction, appears on the face

22  of the complaint.  While defendants contend in their notice of removal that plaintiffs have

23  somehow violated some federal law, and a separate action is planned, this is not a sufficient basis

24  to remove a state court action.  The basis for federal question jurisdiction must be presented  on

25  the face of a plaintiff's complaint.  See Vaden v. Discover Bank, 556 U.S. 49, 129 S. Ct. 1262,

26  1272 (2009) (stating that federal question jurisdiction cannot "rest upon an actual or anticipated

3

1   counterclaim").  Accordingly, federal question jurisdiction does not provide a proper basis for

2   removal.

3              The next possible basis for this court's jurisdiction is diversity jurisdiction.

4   District courts have diversity jurisdiction over "all civil actions where the matter in controversy

5   exceeds the sum or value of $75,000, exclusive of interests and costs," and the action is between

6   "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state;

7   (3) citizens of different States and in which citizens or subjects of a foreign state are additional

8   parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States."  28

9   U.S.C. § 1332; see also Geographic Expeditions, Inc., 599 F.3d at 1106.

10             It is clear from the complaint that the amount in controversy does not exceed

11  $75,000.  When a state court complaint affirmatively alleges that the amount in controversy is

12  less than the jurisdictional threshold, the party seeking removal must prove with "legal certainty"

13  that the jurisdictional amount is met.  See Lowdermilk, 479 F.3d at 1000.  The complaint filed in

14  this action states unequivocally that the amount in controversy is $6,225.99 (Complaint at 1).

15  Defendants' notice of removal does not challenge the amount in controversy, and does not

16  provide any basis for a finding that the amount in controversy exceeds the $75,000 required.

17  The amount in controversy is determined without regard to any setoff or counterclaim to which

18  defendant may be entitled.  See Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977).

19  Thus, the amount in controversy is insufficient to provide this court with diversity jurisdiction.

20             Based on the foregoing, the undersigned concludes that this court lacks

21  jurisdiction over this action, and this case should be remanded to the State court.  There is no

22  federal question raised in the complaint, which is predicated on California state law.  In addition,

23  no diversity jurisdiction exists as the amount in controversy is less than $75,000.

24             Accordingly, IT IS HEREBY  RECOMMENDED that this matter be remanded to

25  the Superior Court of the State of California, County of Siskiyou.

26  / / /

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   October 31, 2012

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE