IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DISCOVER BANK,                                      No. 2:12-cv-1800-LKK-CMK

    Plaintiff,

  vs.                                              ORDER

MARSHALL E. MIKELS, et. al.,

    Defendants.

_____/

    Defendants, proceeding *in propria persona*, removed this case from the Siskiyou County Superior Court.  Pending before the court is plaintiffs' motion to disqualify the undersigned from presiding over these proceedings (Doc. 7).   Plaintiff brought a similar motion in another pending action, Mikels v. ING Bank, 2:12-cv-1312-JAM-CMK, which was denied in a similar order.[1]

/ / /

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

A request for recusal or motion to disqualify falls under 28 U.S.C. § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . .

28 U.S.C. § 144.

Berger v. United States, 255 U.S. 22 (1922), is the seminal case interpreting 28 U.S.C. § 144. See U.S. v. Azhocar, 581 F.2d 735, 738 (1976). As a preliminary matter, the Court in Berger held that the judge against whom a disqualification motion is brought may pass on its legal sufficiency. See Berger, 255 U.S. at 233. To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision. See Azhocar, 581 F.2d at 740-41. Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice. See Berger, 255 U.S. at 34. There must be a reasonable factual basis for doubting the judge's impartiality. See United States v. Conforte, 624 F.2d 869, 881 (9th Cir. 1983).

The United States Supreme Court set forth in some detail what circumstances can show such bias or partiality to require judicial recusal.

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See United States v. Grinnell Corp., 384 U.S. 563 (1966). In and of themselves ( i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not

> support a bias or partiality challenge.  They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.  An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in Berger v. United States, 255 U.S. 22 (1921), a World War I espionage case against German-American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." Id. at 28 (internal quotation marks omitted).  Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration - remain immune.

Liteky v. U.S., 510 U.S. 540, 555-56 (1994).

Here, plaintiffs' motion is unsupported by facts indicating an adequate basis for disqualification.  Plaintiff alleges general misconduct, but these allegations are conclusory with no supporting facts presented.  Plaintiff claims the undersigned is disqualified from presiding over this action[2]

> due to display of prejudice, bias, rudeness, disrespect, insulting behavior, intimidation of witness, lack of decorum, arrogance, threats of danger, suppression of evidence, conflict of interest and denial of Mikels rights in case 2:12-cv-01312-JAM-CMK and in the hearing of defendant's motion to quash summons in plaintiff's verified complaint case 2:12-cv-01312-JAM-CMK, and most recently his refusal to proceed no further and to continue to issue unlawful orders after he was disqualified a violation of 28 U.S.C. § 144, violations of his oath of office, 5 U.S.C. 3331, U.S.C. 3333, 5 U.S.C. 7311, 18 U.S.C. 1918, 5U.S.C. 7311, deprivation of rights under the color of law 18 USC § 242.

(Motion, Doc. 7, at 2-3).

/ / /

---

[2]   Plaintiff also claims the undersigned's prior orders and the pending findings and recommendations are void, and he states he has returned them to the court with orders for the undersigned to proceed no further in this action.  Plaintiff does not have the authority to dictate the court's actions.  Plaintiff is informed that the undersigned's findings and recommendations are still pending, and will be reviewed by the District Court.  Plaintiff is advised that if he has objections to the merits of those findings and recommendations, he should file his objections as previously directed.

3

1   Plaintiff's conclusory statements cannot support a basis for disqualification.  As
2  plaintiff has been informed, even if the undersigned acted in a manner plaintiff deemed
3  unprofessional or disrespectful, the Supreme Court has determined such behavior is immune
4  from a finding of bias, without more.  There is nothing in plaintiffs' motion which could be
5  interpreted as bias, especially from an extrajudicial source.  At best, plaintiff bases his argument
6  of bias on adverse rulings and courtroom demeanor.  These are an insufficient basis to require
7  recusal.
8   Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion to disqualify
9  (Doc. 7) is denied.

 DATED:  November 16, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE